Nov. Term,
1820.
———
FLOOD
v.
YANDES.

---

## FLOOD v. YANDES and Another.

A count in debt on simple contract for goods sold and delivered, may be joined with a count in debt on a specialty.

Counts in assumpsit, and in debt, cannot be joined.

Two persons may make use of one seal in the execution of a bond, and it will be the deed of both.

*Thursday,*
*November* 16.

ERROR to the *Fayette* Circuit Court.

HOLMAN, J.—The plaintiff declared in debt for 360 dollars: for that whereas the defendants made their note for 180 dollars, part of said debt: and whereas, also, the plaintiff sold and de-

livered to the defendants certain horse creatures of great value, to wit, of the value of 180 dollars, at their special instance and request; they promised to pay the plaintiff said sum of 180 dollars, the residue of the said debt. Yet the said .debts the defendants have not paid, &c., to the plaintiff's damage 50 dollars. To this declaration the defendants demurred, and had judgment in the Circuit Court on the demurrer. And they here urge in support of the judgment, that the second count in the declaration is in assumpsit, and cannot be joined with the first count which is in debt; also, that the note in the first count is given by one partner, who cannot bind his .co-partner by deed, and consequently it cannot be considered the deed of both. But on inspecting the declaration in this case, and looking into the precedents, we are satisfied that both the counts are in debt, and properly joined in the same action (1). The objections against the first count are also untenable. The note on which that count is founded, when read on oyer, is in these words: "Due *Benjamin Flood* in ten days 180 dollars, for value received. Witness our hands and seals, 28th Dec. 1818. *Yandes & M'Carty*, Seal." Which note, the declaration states, was made by the said *Yandes* and *M'Carty*, and was sealed and delivered as the act and deed of *Yandes* and *M'Carty*. And although it may be contested, whether one partner can bind his co-partner by deed (2); yet where one defendant executed the deed in the presence of the other and by his authority, they being partners in the transaction, it was held the deed of both. 1 Esp. N. P. 2 pt. 102 (3). But here is.a much stronger case. The defendants acknowledge the seal to be the seal of each, and it is stated that they made, sealed, and delivered the writing as their act and deed; and it must be taken as equally obligatory on both. The Circuit Court, therefore, acted incorrectly in sustaining the demurrer.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded to the Circuit Court, with directions to permit the defendants to withdraw their demurrer, and plead to the action.

*Test*, for the plaintiff.

*Caswell*, for the defendants.

(1) Sed vide *Brill* v. *Neele*, 3 Barn. and Ald. 208. There the commencement of the declaration was in the common form in debt. The first count then stated, that defendant was indebted to the plaintiff for work and labour &c.; and, being indebted, that defendant undertook and promised to pay upon request,

whereby an action hath accrued, &c. The second count was upon a quan-
tum meruit, and, in form, like the first. The other counts were properly
framed in debt. Special demurrer, assigning for cause the misjoinder of debt,
and assumpsit. The plaintiff cited *Bishop* v. *Young*, 2 Bos. and Pull. 78; and
the defendant relied on *Dalton* v *Smith*, 2 Smith, 618, where *Lawrence* J. says,
that the counts laid with a promise are counts in assumpsit without a breach.
*The Court* intimated, that the latter case was precisely in point against the
plaintiff; and he had leave to amend, on payment of costs.

(2) *Posey* v. *Bullitt* et al., ante, p. 99, and note.

(3) *Ball* v. *Dunsterville* et al., 4 T. R. 313.