May Term, 1846.

FLOOM
v.
BEARD.

---

## FLOOM *v.* BEARD.

In a suit on the covenant of seisin or of right to convey in a conveyance of real estate, the breach may be assigned by negativing the words of the covenant.

Tuesday, June 2.

ERROR to the *De Kalb* Circuit Court.

PERKINS, J.—Covenant. The plaintiff, *Francis Floom*, declares upon a deed in fee-simple, executed to him by the defendant, *George Beard*, for the consideration of fifty dollars, for a lot in the town of *Canton, Ohio*. The declaration avers that the deed contains the following among other cove-

nants, viz., that the said *Beard* was, on the day of the date of the deed, lawfully seised in fee of the premises, and had good right to sell and convey the same. The breaches are assigned in the following words: "And the said *Floom* avers that the said *Beard* was not, on the day and year aforesaid, nor at any time since, seised in fee of said premises in manner aforesaid nor otherwise however; nor had he, the said *Beard*, then good right to sell and convey the same in manner aforesaid, nor in any manner otherwise." The defendant demurred generally; the demurrer was sustained; and final judgment rendered for the defendant.

We think the Court erred in sustaining the demurrer. The brief of counsel informs us that the demurrer was sustained on the ground that the breaches were too generally assigned. The law is that "in the covenant of seisin, and in the covenant that the covenantor has good right to convey, it is sufficient to allege the breach by negativing the words of the covenant." 4 Kent's Comm. 479.—1 Blackf. 102, n.—5 *id.* 236. The declaration in this case conforms to the law.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Howe*, for the plaintiff.