PHILETUS YALE, plaintiff in Error,

*vs.*

WALTER P. FLANDERS, EGBERT MOSELEY and CHARLES RICHARDS, defendants in Error.

ERROR TO THE MILWAUKEE COUNTY COURT.

Where a party to an instrument, which purports to have been sealed by all the other obligors therein named, does not affix his seal, he is presumed to have adopted the seal of some one of the other signers, unless at the time of signing the instrument he does some act showing his intention not to be bound like the others.

Where suit is brought upon a bond given in pursuance of the statute, a substantial compliance of the bond with the statutory provisions is sufficient to make the bond a valid and legal obligation.

An objection to the introduction of a bond, on which suit is brought, on the ground that it does not appear that it had been ordered to be delivered to the plaintiff to be prosecuted, cannot be raised by the plaintiff in error in this court, such objection not having been made upon the trial in the court below.

THIS was an action of debt brought in the County Court of Milwaukee county, by the defendants in error against the plaintiff in error, on an injunction bond to stay the collection of a judgment at law. The declaration set forth, that on the 8th day of June, A. D. 1850, Walter P. Flanders recovered a judgment in the Milwaukee Circuit Court, against Charles James, Edward M. Hunter and S. Park Coon, for the sum of $209.74 damages, and $10.56 costs; and on the 24th day of September, A. D. 1850, the defendants in said judgment filed a bill in said Circuit Court on the equity side thereof, the object and prayer of which bill was, to enjoin the collection of the said judgment; and on the same day executed an agreement in writing or bond in the following words:

, " *Know all men by these presents*, That we, Charles James, Edward M. Hunter and S. Park Coon, principals, and Philetus Yale, surety, all of the city of Milwaukee, in the state of Wisconsin, are held and firmly bound unto Walter P. Flanders, Egbert Moseley, Charles Richards, in the penal sum of five hundred

dollars, lawful money of the United States of America; to which payment well and truly to be made, we bind ourselves, our heirs, executors, administrators and assigns, jointly and severally, firmly by these presents, sealed with our seals, and dated the 21st day of September, A. D. 1850.

" *Whereas*, the above bounden Charles James, S. Park Coon and Edward M. Hunter, have exhibited their bill of complaint in, and obtained an injunction issuing out of the Circuit Court, held in and for the county of Milwaukee, in the state of Wisconsin, against the above-named Walter P. Flanders, Egbert Moseley and Charles Richards, enjoining them, among other things, from the collection of a certain judgment obtained in said court, on the law side thereof, by the said Walter P. Flanders against the said Charles James, S. Park Coon and Edward M. Hunter. Now, therefore, the condition of this obligation is such, that if the above obligors shall pay to the said obligees all costs and damages that shall be awarded to them, or either of them, in consequence of the allowing or issuing of said injunction, and shall pay to the said Walter P. Flanders the amount of said judgment in case said injunction shall be dissolved, then this obligation to be void, otherwise of force.

CHARLES JAMES,  [SEAL.]

E. M. HUNTER,  [SEAL.]

S. PARK COON,  [SEAL.]

PHILETUS YALE."

On the filing of the bill, and the bond or agreement aforesaid, an injunction was allowed, and in June, 1853, the said court dismissed the bill, thereby dissolving the injunction of course, and awarded to the said Flanders $20.97 for damages incurred by occasion of enjoining the collection of the judgment, and $34.29 costs, neither of which, it seems, nor the said judgment, had been paid, but the said judgment remained in full force, &c.

The declaration contained two counts, to the first of which the plaintiff in error pleaded *non est factum*, and demurred to the second count. The causes of demurrer assigned will show the nature of the objections raised to the count, and the opinion of the court will show the disposition of the same. The following are the causes of demurrer assigned:

" For that it appears by said second count of said declaration, that the agreement therein set forth was a collateral undertaking to answer for the debt of another, and that said action is improperly brought in debt; and also for that there is no consideration alleged in said second count of said declaration, for the making of the agreement in writing, therein set forth, as appears from said second count in said declaration; and also for that said agreement in said second count in said declaration as set forth, appears from its terms to be an undertaking to answer for the debt of another; and that there is no consideration for the making of such agreements, expressed therein, as required by statute.

"And also, for that it appears from the said second count in said declaration that the agreement in writing therein set forth was never delivered to the said plaintiffs by the said defendant: And also, for that it appears from said second count in said declaration, that said agreement in writing is not such an agreement or instrument in writing as is required by the statute in such case made and provided, to be filed in said Circuit Court upon the issuing of an injunction therefrom, and was not sufficient to authorize the issuing of an injunction under the direction and order of said court, and was not sufficient to be filed therein; and also, for that said second count of said declaration is otherwise informal, and insufficient in the law."

At the September term, 1854, the demurrer was overruled by the court, and the cause was tried upon the issue formed, and judgment was rendered for $500, the penalty of the bond, and execution awarded for $350.37 damages, the amount found by the court, together with costs.

On the trial, as appears by the bill of exceptions, the plaintiffs below offered in evidence the instrument in writing which is set forth in the declaration, and it was then and there admitted by the counsel for the plaintiffs: "That at the time said Yale signed said instrument in writing, there was nothing said by him whether or not he adopted the seals of either of the other signers as his; and the defendant below then and there objected to the introduction of said instrument in writing, for the reason that the said instrument in writing was not the bond of the said defendant, that it did not appear to have been sealed by him, and be-

Yale vs. Flanders et al.

cause it was a collateral undertaking, and because it was void by the statute of frauds, it being a promise to answer for the debt or default of another; and because it appeared, from said instrument, that it was given on the allowance of an injunction, and was not such instrument as the statute requires should be given in such case." Which objections were overruled, and the paper admitted in evidence, to which the defendant excepted.

The plaintiffs below then offered in evidence the record of an execution on the judgment in which Flanders was plaintiff, and Coon, James and Hunter were defendants, as before described, to enjoin which the bill for injunction was filed; and also the record of the case in chancery, thereinbefore described, in which the bill was dismissed, and the injunction dissolved as aforesaid.

No order of the court, for the delivery of the said instrument in writing, or bond, to the plaintiffs for prosecution, was shown and proven on the trial, nor any objection or exception taken for want of such proof.

The facts above stated exhibit all that were material in the consideration and determination of the case, some of which will more fully appear in the opinion of the court.

*E. Mariner*, for the plaintiff in error.

*Emmons & Van Dyke*, for the defendants in error.

*By the Court*, WHITON, C. J. The bill of exceptions in this case informs us, that the evidence adduced at the trial, was the bond or agreement set out at length in the second count of the plaintiff's declaration, and the record (of a judgment), and an execution in a suit in which Flanders was plaintiff, and Coon, James and Hunter were defendants; and also the record and decree in a chancery suit, in the Circuit Court for Milwaukee county, in which Coon, James and Hunter were complainants, and Flanders, Moseley and Richards were defendants, in which the instrument in writing set forth in the declaration was taken. "Which decree was, in substance, the dismissal of said bill in said suit, with damages and costs." It being admitted by the parties at the trial, that when Yale signed the writing " there

was nothing said by him, as to whether or not he adopted the seals of either of the other signers as his." It further appears, by the bill of exceptions, that no order for the delivery of the said instrument in writing to the plaintiffs for prosecution, was shown; nor was any objection made, or exception taken, for the want of such proof; and that the testimony above mentioned, was all the testimony introduced at the trial. It appears, further, from the bill of exceptions, that the defendant below objected to the introduction of the said bond, or instrument in writing, for the reason that it was not the bond of the defendant, as it did not appear to have been sealed by him : because it was a collateral undertaking, and void by the statute of frauds, it being a promise to answer for the default or debt of another ; and because it appeared from the instrument that it was given on the allowance of an injunction, and was not such an instrument as the statute requires should be given in such a case.

The judge overruled the objections, and allowed the instrument to be read in evidence, and the defendant excepted.

It appears from the record, that defendant demurred to the second count of the plaintiff's declaration, which set out, in words and figures, the instrument in question, and that the court overruled the demurrer.

We do not see any error in the decision of the court below. The most important objection to it is, that the instrument declared on is not the deed of the defendant, it not having, in fact, been sealed by him. But we think that the authorities cited by the counsel for the defendant in error satisfactorily show, that when a party to an instrument, which, by its terms, purports to have been sealed by all the obligors, and some of them do seal it in fact, the party who does not affix his seal, is considered to have adopted the seal of some one of the other signers ; he, at the time of signing, doing no act which shows an intention not to be bound like the other signers. 7 *Humph. Rep.* 230 ; 1 *Black. Rep.* 103 ; *McKay vs. Bloodgood,* 9 *J. R.* 285 ; *Murphy vs. White,* 3 *Greenlf. Rep.* 290 ; *Bradford vs. Randall,* 5 *Pick. Rep.* 495.

Objection is also taken to the instrument received in evidence, on the ground that it does not strictly comply with the statute. But we are of the opinion that it does, nevertheless, constitute a

valid, legal obligation. *See the cases of Tyler vs. Hand et al.,* 7 *Harr. R.* 115; *Ring vs. Gibbs,* 26 *Wend. Rep.* 502.

Objection is also taken (in this court) to the instrument, that it does not appear that it had been ordered to be delivered to the plaintiff, to be prosecuted.

Admitting that this would have been a valid objection if it had been taken at the trial, we think that it is too late to raise it for the first time in this court. If the introduction of the instrument in evidence, had been resisted at the trial on that ground, it might have been shown that such an order had, in fact, been made. As the bill of exceptions states that no objection to the reception of the instrument, when it was offered in evidence, was made on that ground, we think it would be unjust to the defendant in error to permit it to be raised here.

The judgment of the court below must be affirmed.