## GRINER ET UX. *v.* BUTLER.

CONVEYANCE.—*Descent.*—*Real Estate Held by Wife in Virtue of Previous Marriage.*—A conveyance by a married woman and her husband, of real estate descended to her from a deceased former husband, is inoperative.

SAME.—*Covenant.*—*Breach.*—*Liability of Husband and Wife.*—If such a conveyance be made by a deed containing general covenants of warranty, in

which both the wife and her husband join, he alone is liable for a breach of such covenants.

SAME.—*Pleading.*—*Rescission.*—*Surplusage.*—In an action by the grantee of real estate so held, against the husband and wife, for a breach of the covenants of warranty contained in the deed, an allegation in the complaint that the plaintiff had reconveyed and delivered possession of the land to her is unnecessary, and should be regarded as mere surplusage.

From the Brown Circuit Court.

*W. W. Browning* and *A. W. Prather*, for appellants.

*R. L. Coffey*, for appellee.

PERKINS, J.—John Butler filed a complaint, in substance as follows, against Jacob Griner and Desdemona G. Griner

He alleged that the defendants executed to him a deed, in words and figures following:

"We, Desdemona G. Griner and Jacob Griner, her husband, of Brown county, in the State of Indiana, convey and warrant to John Butler, of Brown county, in the State of Indiana, for the sum of six hundred dollars, the following real estate in Brown county, in the State of Indiana, to wit: The south-east quarter of the south-west quarter of section thirty-three (33), township nine (9) south, of range four (4) east, said to contain forty acres, more or less.

"In witness whereof the said Desdemona G. Griner and Jacob Griner, her husband, have hereunto set their hands and seals, this twenty-fifth day of December, 1871.

(Signed,)    " DESDEMONA G. GRINER, [SEAL.]

     " JACOB GRINER.    [SEAL.] "

The deed was duly acknowledged.

The complaint avers, that the plaintiff, Butler, paid the consideration, six hundred dollars, and that the defendants put him in peaceable possession, which he has ever since held; that said real estate was the separate property of said Desdemona, now, and at the time of the sale and conveyance of said real estate, the wife of her co-defendant, Jacob Griner, who is her second husband; that, at

the time of her marriage with said Jacob, she was the widow of Johnson C. Trembly, deceased, who was her first husband, and by whom she had, during marriage with him, the following named children, to wit: Susan, Emeline, Jane, Jemima, Amanda E., Mary E., Johnson and Abraham C. Trembly, all of whom are still living; that her said first husband died intestate, at Brown county, Indiana, on the 24th of March, 1867, the owner, and seized in fee-simple, of the land described in the deed of said Desdemona and Jacob Griner to said Butler, as well as of other tracts of land situate in said Brown county; that partition of said real estate was duly made between her and the heirs of said Johnson C. Trembly, giving her one-third, and the said heirs two-thirds, of the lands of which said Johnson C. Trembly died seized; that the land conveyed by said deed to said Butler was the land so set off to her as her third of her said deceased husband's land; that this was all the title defendants had to said forty-acre tract; that the said sale and purchase were in good faith, all the parties believing the title of said Desdemona was good, and transferable in fee. Plaintiff further avers, that he has made improvements on the land purchased, of the value of two hundred and fifty dollars; that, on the 24th of December, 1873, he signed and acknowledged, his wife joining therein, a quitclaim deed, and tendered the same to defendants (which deed is made a part of the complaint), and, on said tender, demanded back the purchase-money, with interest, etc., which tender and demand were refused, etc.; and that, before the commencement of this suit, he abandoned possession, etc.

The plaintiff prays judgment for his purchase-money paid, the value of his improvements, etc.

Answer, the general denial and a set-off.

Reply in denial of the set-off.

Trial by the court; judgment for the plaintiff. Motion for a new trial, assigning for cause " that the finding and

Griner *et ux. v.* Butler.

· judgment of the court are contrary to law," was over-ruled. Exception.

Appeal to the Supreme Court.

The evidence is not in the record, and no special finding of facts by the court was made.

The joint assignment of errors is as follows:

1. The plaintiff's complaint does not state facts sufficient to constitute a good cause of action against said defendants jointly;

2. Said complaint does not state facts sufficient to constitute a good cause of action against said Jacob Griner;

3. Said complaint does not state facts sufficient to constitute a good cause of action against Desdemona Griner; and,

4. The court erred in overruling the motion for a new trial.

In this case the plaintiff below knew, in law if not in fact, that the defendants had no legal right or power to sell to him and convey the land purchased, and, there being no fraud, if the plaintiff, Butler, had purchased the land, receiving a quitclaim deed, or one without covenants, as the evidence of his title, he could not have maintained an action to recover back the purchase-money. He would have been bound by his contract. *Hardesty* v. *Smith*, 3 Ind. 39.

If he wished to retain a remedy for failure of title, he should have taken the precaution to secure himself by covenants. *Botsford* v. *Wilson*, 75 Ill. 132.

In this case that was done. In pursuance of the contract of sale, the defendants executed to the purchaser a conveyance by deed, in the statutory form and terms.

The statute enacts, that such a deed "shall be deemed and held to be a conveyance in fee-simple to the grantee, his heirs and assigns, with covenant from the grantor for himself and his heirs and personal representatives, that he is lawfully seized of the premises, has good right to convey the same, and guarantees the quiet possession

thereof; that the same are free from all encumbrances, and that he will warrant and defend the title to the same against all lawful claims." 1 R. S. 1876, p. 364, sec. 12.

The plaintiff may be presumed to have purchased in consideration of these covenants, and the evidence may have shown such to have been the fact. *Hardesty* v. *Smith, supra.*

The present must be regarded as a suit on the breach of these covenants; and the complaint shows a breach of the covenant of right to convey, which renders it good. *Floom* v. *Beard,* 8 Blackf. 76; *Van Nest* v. *Kellum,* 15 Ind. 264.

The allegations in the complaint tending to show steps taken for a rescission of the contract do not vitiate it. They are mere surplusage.

The conveyance made to Butler, being of land derived from a former husband, and made by the widow of that husband after becoming the wife of another husband, and while so his wife, was inoperative for want of right to convey. *Mattox* v. *Hightshue,* 39 Ind. 95. And this was in law known to Butler, the purchaser. But notwithstanding this, the express covenant by the grantors of the possession of such a right might be operative. *Snyder* v. *Lane,* 10 Ind. 424.

It could not be operative against Mrs. Griner, on account of the disability of a married woman to bind herself by the covenant. Was it binding upon Jacob Griner, her husband? In other words, where the husband joins in a conveyance of the separate property of his wife, such conveyance containing covenants of warranty, is the husband bound by those covenants?

At this day, under statutes in many of the States, giving a married woman the right of selling or encumbering her separate property, it is held, that, by virtue of those statutes, the wife is bound by the covenants in a deed of her separate real estate. See the cases in Wells' Separate Property of Married Women, sec. 590.

Griner *et ux. v.* Butler.

But, at common law and in this State, the wife is not bound by such covenants, *Aldridge* v. *Burlison*, 3 Blackf. 201; while the husband is bound, if he joins in the deed and covenants, in a conveyance of the separate property of his wife. *Colcord* v. *Swan*, 7 Mass. 291; *Whitbeck* v. *Cook*, 15 Johns. 483.

Section 6 of our act touching conveyances, 1 R. S. 1876, p. 363, enacts, that " The joint deed of the husband and wife shall be sufficient to convey and pass the lands of the wife, but not to bind her to any covenant therein."

In *Porter* v. *Bradley*, 7 R. I. 538, a suit against husband and wife for breach of covenant in a joint deed by them of the separate property of the wife, the court say:

" This case does not fall within any exception to the rule, that a *feme covert* can not be sued for the breach of a covenant entered into by her during coverture. It follows, therefore, here, as in the case of *Hennessey* v. *Ryan and wife, infra,* 548, determined at the present term of this court, that of strict right and according to the settled rules of pleading, the plaintiff must become *nonsuit,* unless on motion, he be permitted to *amend* his writ and declaration, by striking out the name of the *feme covert* defendant, and to proceed against the husband alone. * * * The plaintiff, upon the evidence, being entitled to recover of the defendant, Ansel, may, if he elects to amend by striking out the name of Maria W. Bradley as a co-defendant, take judgment for that sum against the other defendant, without costs."

In *Buell* v. *Shuman*, 28 Ind. 464, it was held, that, where notes were given by a married woman for land purchased by her, and her husband joined her in a mortgage of the land to secure the notes, the mortgage containing a covenant by both to pay the debt, the covenant was binding upon the husband, though not upon the wife.

The judgment below is affirmed, with costs, against the husband, but, as to its other provisions and terms, is reversed.