J. T. PICKENS v. T. B. RYMER..

*Deed—Seal of one may be adopted by another signer of an instrument.*

Two persons may adopt the same seal to an instrument, and it then becomes the deed of both; otherwise it is the deed of one and the simple contract of the other; and whether the party signing intended to adopt the seal of another signer is a question of fact for the jury, the burden being on the plaintiff to show that the defendant adopted the seal or scroll. It is, therefore, error in the court, upon inspection of the instrument, to decide the matter as a question of law.

( *Yarborough* v. *Monday*, 3 Dev., 420, cited and approved).

CIVIL ACTION tried on appeal from a judgment of a justice of the peace, at Spring Term, 1883, of BUNCOMBE Superior Court, before *Avery, J.*

This action was brought to recover the amount due on a note of which the following is a copy:. "Twelve months after date we or either of us promise to pay to J. T. Pickens ninety dollars for value received of him, as witness our hands and seals, with interest from date.   October 22, 1861."

(Signed)        F. M. BALLEW. [*Seal.*]
                T. B. RYMER.

On this note two credits were endorsed—the one on November 1, 1869, and the other on January 3, 1871.

The defendant pleaded payment and the statute of limitations, and the plaintiff proved the execution of the note by D. Wilfong, the subscribing witness.

The plaintiff's counsel submitted the note to the inspection of the court and admitted, that if it was not a note under seal, the defendant's plea of the statute of limitations would be a bar, and upon an intimation from the court that the jury would be instructed that it was not a note under seal as to the defendant Rymer, the plaintiff submitted to a judgment of nonsuit and appealed.

*Messrs. M. E. Carter* and *Reade, Busbee & Busbee,* for plaintiff.

No counsel for defendant.

ASHE, J. The only question presented for the consideration of this court is whether there was error in the instruction which His Honor intimated he would give the jury.

Such an instruction would have been manifestly erroneous. A seal is an essential requisite of a deed, and no writing without a seal can be a deed. Shep. Touch., 56. Blackstone also lays it down as an indispensable requisite of a good deed (Vol. 2, 304); and there is no question that two or more persons may adopt the same seal. There is abundant authority on this point. It was so held in *Yarborough* v. *Monday,* 3 Dev., 420, where this court said: "Two parties may adopt the same seal, and in that event it is the deed of both, otherwise it is the deed of one and the simple contract of the other." To the same effect are *Hollis* v. *Pond,* 7 Hump., 222; *Pequaket Bridge* v. *Mathis,* 7 N. H., 232; *Bonham* v. *Lewis,* 3 Monroe (Ky.), 376; 4 Term Rep., 313, and 3 Ves., 578.

These authorities not only establish the principle that two or more persons may adopt one seal, but they establish the further principle that, whether the party subscribing a deed, opposite whose name there is no seal, intended to adopt the seal of another signer who has made his seal, is a question of fact for the jury, and the judge cannot upon inspection instruct the jury that it is or is not a deed of one of the parties, as they would be deciding both the law and the fact, and in this consisted the error committed by His Honor in the court below. He said he should instruct the jury that it was not the deed of the defendant. That was deciding both the law and the fact and leaving nothing for the jury to decide; whereas he should have told the jury that two persons may adopt the same seal, but whether it was the sealed or unsealed instrument of the defendant was a question of intention which was a fact to be determined by the jury, and

the *onus* lay on the plaintiff to prove that the defendant adopted the seal or scroll. *Hollis* v. *Pond, supra.* And in the case of *Yarborough* v. *Monday, supra*, the court held that the question whether both parties adopted the same seal was one for the jury and not for the judge. And in the Kentucky case *Bonham* v. *Lewis, supra*, which was an action upon a note signed by two parties with only one seal opposite the name of the first signer, there was a demurrer to the declaration, and the court in their opinion say : " Where an instrument with one seal and two or more signers is alleged to be sealed by all, the court is not authorized to infer, from there being but one seal and two or more signers, that but one in fact sealed the instrument; and the party who contends that it is not his seal must reach the fact by way of plea, and as one seal may be the seal of many signers, the court from *bare inspection* of the paper and declaration cannot decide that it is the seal of one only."

The judgment of nonsuit must be set aside and this opinion certified to the superior court of Buncombe county, that a *venire de novo* may be awarded.

Error.                                        *Venire de novo.*