FRANCES A. PARR, as ADMINISTRATRIX, ETC., of RICHARD
PARR, DECEASED, RESPONDENT, *v.* THE VILLAGE OF
GREENBUSH, APPELLANT.

*Judgment — to what extent a judgment recovered in a former action is conclusive —
contract signed by the board of trustees of a village — power of the board to liqui-
date the damages — what provision will be construed as liquidating the damages and
net as fixing a penalty.*

In an action, brought by the plaintiff's intestate to recover for labor performed
and materials furnished, in part pursuant to a contract entered into between the
intestate and the board of trustees of the village of Greenbush, dated December
20, 1870, and in part under a resolution of the said board of trustees, dated Sep-
tember 30, 1873, the plaintiff was allowed to recover for so much of the materials
and labor as he had furnished and performed under the contract, but was not
allowed to recover for what he had furnished and done under the resolution,
the court holding that it was invalid for want of power in the board of trustees
to pass it. Thereafter this action was brought to recover a sum claimed by
him to be the liquidated damages fixed by the contract by a provision thereof
which provided that "for the true and faithful performance of all and every
of the covenants and agreements above mentioned, the parties to these pre-
sents bind themselves, each unto the other, *in the penal sum of five thousand
dollars, as fixed and settled damages,* to be paid by the failing party."

*Held,* that the judgment recovered in the first action was no bar to a recovery in
this one, as the causes of action were not the same, and as no fact essential to
the maintenance of this action was determined adversely to the plaintiff in the
former one.

That the satisfaction of the judgment in the former action upon a settlement and
compromise between the parties, while an appeal was pending, did not embrace
this cause of action.

That as the village had power to make the contract, it had power to fix and deter-
mine the amount of the damages to be sustained upon its breach, subject to the
power of the court to correct them if alleged and shown to be so grossly excessive
and fraudulent as to justify an inference of collusion being drawn therefrom.

That, under the facts and circumstances of this case, the sum named in the con-
tract was to be regarded as liquidated damages.

By the terms of the contract the village agreed to furnish the sand and gravel and
grade the street, which it could do in a certain manner prescribed by law, but not
otherwise. Having failed to take the steps necessary to enable it to do this, it
passed the aforesaid illegal resolution of September thirtieth requiring Parr to
furnish the sand and gravel and do the grading. Upon the trial of this action
the village claimed that the contract was in part performed by it, and that the
intestate accepted such part performance and thereby waived his claim for
damages:

*Held,* that this claim was untenable as the damages arose under that part of the
contract which the village did not perform.

THIRD DEPARTMENT, NOVEMBER TERM, 1886.

APPEAL from a judgment in favor of the plaintiff, entered at the Albany Circuit upon the verdict of a jury.

The action was brought to recover the sum of $5,000, which was claimed to have been fixed as the liquidated damages to be paid by either party failing to perform a contract entered into between the plaintiff's intestate, Richard Parr, and the defendant village, whereby Parr agreed to flag, pave and curb the west side of a street, in the village of Greenbush, and the defendant agreed to furnish all the sand and gravel and to properly grade the street.

*J. B. O' Malley,* for the appellant.

*George Parr* and *E. Countryman,* for the respondent.

LANDON, J.:

The contract in question of date December 20, 1870, was adjudged valid in the former suit. The resolution of the board of village trustees of date September 30, 1873, was in the same suit held invalid. (*Parr* v. *Greenbush,* 72 N. Y., 463.) By the valid contract Parr agreed to furnish certain specified materials and do certain work at a price which the village thereby agreed to pay him. By the same contract the village agreed to furnish the sand and gravel and grade the street. From the nature of the case, Parr could not perform his part of the contract until the sand and gravel were furnished and the grading done. This precedent performance the village had no power to make, or cause to be made, except in a certain prescribed manner, and it never took the steps necessary to acquire the power to make it, and never in fact made it. Being in default, it went outside of its powers and by the void resolution of September 30, 1873, apparently, but not actually, requested Parr to furnish the sand and gravel and do the grading. This Parr did, and his performance was reasonably worth upwards of $6,000. Having made this performance he went on and performed his contract. He first brought an action against the village to recover for all his labor and materials, and upon the trial made proof of all thereof, furnished under both contract and resolution. He recovered for so much as he had furnished under the contract, but was denied recovery for so much as was furnished under the resolution. It stands adjudged that he can recover nothing under the resolution.

This action was then brought to recover the liquidated damages or penalty agreed upon in the contract of December, 1870. It provides: "And for the true and faithful performance of all and every of the covenants and agreements above mentioned, the parties to these presents bind themselves each unto the other, in the penal sum of $5,000, as fixed and settled damages, to be paid by the failing party."

The statute of limitations bars the action if the contract is not under seal. The contract recites that it is made under the seals of the parties. It uses the word *covenants,* which implies a seal. It is signed by Parr, and by the president and members of the board of trustees, and a wafer or seal is affixed after each individual name. It was signed at a meeting of the board.

The village has no corporate seal, and, therefore, if it needs to use a seal upon any contract, must adopt, for the purposes of that contract, the seal it chooses to affix thereto. It could use these wafers, and we think that the facts here existing justify, within the authorities, the finding of the trial court, that the contract was under seal. (*Bank of Middlebury* v. *Rutland, etc., R. R. Co.,* 30 Vt., 160; *Tenney* v. *East Warren Co.,* 43 N. H., 343; *Pickens* v. *Rymer,* 90 N. C., 282; *Mill Dam Foundry* v. *Hovey,* 21 Pick., 417; *South Baptist Soc.* v. *Clapp,* 18 Barb., 36; 1 Dillon Mun. Corp. [3d ed.], § 190.) The breach of the contract on the part of the village was established. What Parr did at the void request of the village was not done by the village. It could not adopt the act, since it could not ratify what it could not originally authorize.

The judgment in the former action is no bar to the recovery in this. That action sought recovery for work and materials furnished under an invalid resolution; this action seeks recovery for stipulated damages upon breach of a valid contract. The unsuccessful pursuit of a recovery upon an invalid demand is no bar to the successful pursuit upon a valid one. The invalidity of the resolution made all the evidence, given in support of the demand under it, utterly impotent and unavailing. Hence it was impossible to recover anything upon that claim in any action whatever; and since this one was not therein alleged, no recovery upon it was admissible. (*Stowell* v. *Chamberlain,* 60 N. Y., 276; *Dawley* v. *Brown,* 79 id., 391.)

To sustain the plea of a former judgment in bar of a second action, it must either appear that the cause of action in both suits is the same, or that some fact essential to the maintenance of the second action was in issue or determined in the first action adversely to the plaintiff. (*Perry v. Dickerson*, 85 N. Y., 345.)

Here the causes of action are not the same, and no fact essential to the maintenance of this action was determined adversely to the plaintiff in the former action. The issue of law that was determined in the former action was that the resolution was invalid. The plaintiff insisted that it was valid, and was overruled. What he insisted upon there, namely, that the resolution was valid, he does not insist upon here; it is so far from being essential to his recovery here that if established it would be fatal to it. The conclusion of law established there aids his recovery here, and, so far as the purposes of this action are concerned, was determined favorably to the plaintiff, and he accepts that determination. If that conclusion is one of fact the same result would follow. The judgment establishes the fact that the resolution was invalid. If that fact could bar this action, the judgment would establish the bar. But the fact which was fatal to the former claim establishes this one. It follows, also, that the satisfaction of the judgment in the former action upon a settlement and compromise between the parties while an appeal was pending, did not embrace this cause of action. It did not in terms, and there is no evidence that would support a finding that such was the intention of the parties.

The village objects that it had no power to make the agreement to pay $5,000 as liquidated damages. It had the power to make this contract for this work with Parr, to the extent that it should furnish the sand, etc., and pay Parr upon his performance. It would, therefore, have become liable to Parr for his actual damages if it had refused to allow him to perform, he being ready and willing. What would have been the amount of those damages? They could not certainly be known in advance, but they might be estimated and limited. If grossly excessive, fraudulent collusion might be inferred, and be redressed upon proper allegations and proof. But, as was said in *Little v. Banks* (85 N. Y., 263), "while there is no positive statute which authorizes the State officers to fix a sum as liquidated damages for a breach of the contract, inasmuch as they

have the power to make such a contract as would be advantageous to the State, it necessarily follows that they have a right to impose such reasonable provisions as would carry out this purpose."

Here the actual damages which Mr. Parr sustained were in excess of the sum fixed; these are damages which, under the circumstances, it is just the village should pay, because it has had their full equivalent in the work done and materials furnished; to the extent that he suffered, the village was benefited. There does not, for the reasons above stated, appear to be any urgent need to determine whether the $5,000, should be regarded as liquidated damages or as a penalty. The case of *Little* v. *Banks* instructs us that the determination must be made in view of the circumstances of each particular case. The courts hesitate to formulate a rule that will prevent the accomplishment of the justice which the particular case requires. Here the contract speaks of "the penal sum of $5,000 as fixed and settled damages," and we see no reason to dissent from the conclusion of the trial judge that that sum is to be regarded as liquidated damages.

The village further urges that the contract was in part performed by it and that Mr. Parr accepted such part performance, and thus waived his damages. But the damages sustained by Mr. Parr were under that part of the contract which the village did not perform, and the covenant to pay damages was for failure to perform every agreement upon its part. The covenant embraces every breach, and if there was only one, it embraces that. But the defendant refused wholly to perform, and Mr. Parr did all the work and furnished all the material for both parties. He performed the part which the village ought to have performed, doubtless supposing that thereby the village was in fact performing. He could not without injustice be held to have waived a performance which he supposed to have been performed through himself. Waiver implies a consent that the breach existing shall be disregarded. No such consent can be here implied. He in effect said to the village, "I will waive the breach caused by your non-performance, if you will pay me for making performance for you." The condition of the waiver was not accepted.

The judgment should be affirmed, with costs.

LEARNED, P. J., BOOKES, J., concurred.

Judgment affirmed, with costs.