Rollins vs. Humphrey.

ROLLINS, Appellant, vs. HUMPHREY, Garnishee, Respondent.

*November 19 — December 10, 1897.*

*Voluntary assignment: Pleading: Bonds: Erasure of signature of surety: Adopting seal: Partnership: Marshaling assets.*

1. An assignment for the benefit of creditors is alleged with sufficient particularity to allow proof of the fact when it is averred that the assignment was made; that it was in due form of law; that all conditions required by statute to give it full effect and validity have been performed; and that the assignee has entered upon the discharge of his duties thereunder.

2. The bond of an assignee for the benefit of creditors, executed by the principal and ninety-five sureties, had been approved by the county judge who took it, and he had certified that the property of the sureties therein named was worth the sum specified. The signature of one of the sureties and his name in the body of the bond had been erased, but it was not shown when the erasure was made. *Held,* that the erasure was not such a suspicious circumstance as to call for explanation before the bond could be admitted in evidence in garnishment proceedings against the assignee.

3. Two or more persons may adopt a single seal. A voluntary assignment, therefore, is not necessarily rendered void as to attacking creditors by the fact that there was but one seal or scroll on the assignee's bond, and that opposite the signature of the assignee.

4. Where a member of a copartnership has made a voluntary assignment of his individual property, creditors of the partnership are not entitled to have their claims paid out of the estate in the hands of the assignee, so long as any of the individual creditors remain unpaid in whole or in part. *Thayer v. Humphrey*, 91 Wis. 276, followed.

APPEAL from a judgment of the circuit court for St. Croix county: O. B. WYMAN, Judge. *Affirmed.*

On June 15, 1893, the defendant A. J. Goss, being engaged in the banking business at Hudson, made to the garnishee, *Humphrey*, a voluntary assignment for the benefit of his creditors. The assignee accepted the trust, and duly qualified, and entered upon his duties as such assignee. About the same time J. B. Goss, a son of the said A. J. Goss, being engaged in the milling business at River Falls, made a voluntary assignment for the benefit of his creditors to one Weld. December 23, 1893, one Lottie Thayer filed her claim against said *Humphrey*, as such assignee, for $619.40 upon a note for that amount executed by J. B. Goss under the name of J. B. Goss & Co., claiming that A. J. Goss was the company and the partner of J. B. Goss. Judgment was rendered therein for $731.19 against J. B. and A. J. Goss, April 28, 1894. Thereupon such judgment was filed as the claim of Lottie Thayer against *Humphrey*, as assignee of A. J. Goss, and, upon being heard, the same was disallowed by order of the circuit court. The attorneys for the respective parties in the *Thayer Case* were the attorneys for the respective parties in this case. July 25, 1894, the respective attorneys entered into a stipulation entitled in the *Thayer Case*, as follows: "The objections to said claim having been tried by the court on July 24, 1894, and an order having been entered sustaining such objections, and there being many claims similar in their nature to the claim here in question, which are represented by the same attorney, it is therefore stipulated that the decision in this case, or, in the event of an appeal, then the final decision on appeal, shall be controlling and decisive upon all claims of creditors of J. B. Goss & Co., whether here filed or not, so far as the undersigned represents such creditors, so that the decision in this case shall be decisive of all claims depending upon substantially the same facts." The appeal from the judgment in the *Thayer Case* was affirmed by this court, September 26, 1895 (*Thayer v. Goss*, 91 Wis. 90). The appeal from the order so disallowing

Rollins vs. Humphrey.

the Thayer claim was affirmed by this court, September 26, 1895 (*Thayer v. Humphrey*, 91 Wis. 276, 289–297).

On September 27, 1894, the plaintiff recovered judgment against J. B. and A. J. Goss upon a note dated April 17, 1893, made by J. B. Goss in the name of J. B. Goss & Co., then doing business at River Falls, for $11,852.67, upon substantially the same facts and upon the same principle as were determined on the appeal from the judgment in the *Thayer Case*. October 2, 1894, the plaintiff brought this action of garnishment based upon that judgment against J. B. and A. J. Goss, as principal defendants, and garnished *Humphrey*, the assignee of A. J. Goss. *Humphrey*, as such assignee, justified under the assignment, and denied all liability. The plaintiff took issue with the answer of the garnishee.

Upon the trial the court found, in effect, in addition to the facts stated, that the bond of the assignee was duly executed by him and duly sealed, but that the sureties in executing the bond adopted the seal of the assignee as their seals, and became thereby bound; that the erasure of the name of P. Q. Boyden,— one of the sureties on the bond,— and in the body thereof, was made by some person unknown and not authorized, after the bond had been duly filed in the office of the clerk of the circuit court; that the ostensible value of the assets of A. J. Goss, at the time of the assignment, was upwards of $1,000,000, and their net value then was over $400,000; that there were creditors of A. J. Goss whose debts were incurred in his individual business, and not in any partnership business, to the extent of about $640,000; that all such creditors, except creditors to the amount of $15,000, had filed and proved their claims pursuant to law, and accepted and received dividends thereon to the amount of about forty-eight per cent. of the face of their claims, and had in all respects accepted and assented to the assignment; that the plaintiff had not filed any claim

against the estate of A. J. Goss; that the claims of the individual creditors of A. J. Goss, exclusive of the business of J. B. Goss & Co., will much more than exhaust all the individual assets of A. J. Goss; that March 27, 1896, and after the decision of this court in the *Thayer Case*, the garnishee, *Humphrey*, was allowed to amend his answer by pleading the stipulation mentioned; that *Humphrey*, as garnishee, had at no time held any property, credits, or effects belonging to A. J. Goss or J. B. Goss, and was not in any manner indebted to them, or either of them, either jointly or severally.

As conclusions of law the court found, in effect, that the assignment of A. J. Goss was valid; that the assignee's bond therein was sufficiently sealed and valid and binding; that *Humphrey*, as assignee under the assignment, whether valid or not, became the trustee of an express trust in favor of such individual creditors of A. J. Goss as had or should file their claims against his estate; that the plaintiff has a right to file his claim against such assets, but has no right to have any part of the same paid to him as long as any of the individual creditors of A. J. Goss remain unpaid in whole or in part; that the plaintiff was and is bound by the stipulation mentioned; that no ground exists for setting aside the stipulation or to relieve the plaintiff therefrom; that judgment be entered accordingly in favor of the garnishee, *Humphrey*, and against the plaintiff.

From the judgment so entered the plaintiff appeals.

For the appellant the cause was submitted on the briefs of *J. S. White & F. M. White*. They contended, *inter alia*, that it was incumbent on the party offering the bond to explain the erasures,— to show the time when, the person by whom, and the intent with which it was made. *Page v. Danaher*, 43 Wis. 221, 224–226; *Heath v. State*, 14 Tex. App. 213; *Davis v. State*, 5 id. 48; *Kiser v. State*, 13 id. 201; *Smith v. U. S.* 2 Wall. 232; *Courcamp v. Weber*, 39 Neb.

533, 536–538. The erasure rendered the bond void as to all other sureties not having notice of or consenting to it; and no recovery could be had thereon against such sureties. *Hartley & Co. v. Corboy*, 150 Pa. St. 23, 29; *Smith v. U. S.* 2 Wall. 219, 234–236; *State v. McGonigle*, 101 Mo. 353, 359–368; *State ex rel. Howell Co. v. Findley*, id. 368; *McCramer v. Thompson*, 21 Iowa, 244, 251, 252; *State ex rel. Griswold v. Blair*, 32 Ind. 313, 316; *State v. Craig*, 58 Iowa, 238, 240; *Howe v. Peabody*, 2 Gray, 556; *Heath v. State*, 14 Tex. App. 213, 216; *Davis v. State*, 5 id. 48, 50; *Martin v. Thomas*, 24 How. 315, 317; *Hessell v. Johnson*, 63 Mich. 623. The burden was on the defendant to prove that the other sureties authorized or ratified the alteration. *State ex rel. Howell Co. v. Findley*, 101 Mo. 368; *Schwalm v. McIntyre*, 17 Wis. 232, 235.

For the respondent there were briefs by *Spooner, Sanborn & Spooner*, and oral argument by *A. L. Sanborn*. They argued, among other things, that the mere fact of an alteration or erasure in an instrument does not, *per se*, raise any presumption either for or against the validity of the writing. 2 Am. & Eng. Ency. of Law (2d ed.), 274; *Page v. Danaher*, 43 Wis. 221; *Prieger v. Exchange Mut. Ins. Co.* 6 Wis. 89, 104. The bond was approved by the county judge of St. Croix county. Such approval amounted to a certificate of the sufficiency of the sureties. It is to be presumed that an officer charged with a legal duty has performed it. It is therefore to be presumed either that the erasure was not made until after the approval of the bond, or, if made before, that the judge inquired into the matter and found that it was not made in such a way as to affect the validity of the bond. *Hall v. Smith*, 14 Bush, 604.

CASSODAY, C. J. The plaintiff is a judgment creditor of the alleged firm of J. B. Goss & Co. A. J. Goss was held to be a member of that firm by reason of allowing himself

Rollins vs. Humphrey.

to be held out as such, although he was not, in fact, a member at the time the indebtedness to the plaintiff was incurred. The plaintiff, as such creditor of the firm, seeks by this garnishment to reach the assets assigned by A. J. Goss personally to the defendant *Humphrey* upon several grounds.

1. It is contended that the answer of the garnishee fails to allege the assignment to himself by A. J. Goss with sufficient particularity to allow proof of the same. It alleges the making of the assignment, that it was in due form of law, and that all conditions required by the statute to give it full effect and validity had been performed, and that he had entered upon the discharge of his duties thereunder, and denies all liability. If the answer was not sufficiently definite and certain, the plaintiff's remedy was by motion to make it more so.· There is no ground for holding that it was insufficient or demurrable.

2. It is contended that the assignee failed to give such a bond as is required by the statute. R. S. sec. 1694. The bond was signed by *Humphrey*, as principal, and ninety-five persons, as sureties, including one P. Q. Boyden, whose signature and name in the body of the bond appear to have been erased. The bond was fully approved by the county judge who took the same, as required by the statute; and he certified that the property of the sureties therein named was worth, in the aggregate, the sum therein specified. Presumptively, the sureties on the bond were sufficient at the time it was so taken and filed. *Bracken Co. Comm'rs v. Daum*, 80 Ky. 388. The erasures mentioned were not such a suspicious circumstance as called for explanation before the bond could be admitted in evidence. *Austin v. Austin*, 45 Wis. 523.

3. Another objection to the bond is that there was but one seal or scroll, and that that was opposite the signature of the assignee, *Humphrey*, the first on the list. It is, undoubtedly, the law that two or more persons may adopt a

Rollins vs. Humphrey.

single seal. *Pickens v. Rymer*, 90 N. C. 282; *S. C.* 47 Am. Rep. 521, and cases there cited. See, also, *Draper v. Springport*, 104 U. S. 501. This is not in conflict with *Yale v. Flanders*, 4 Wis. 96. The assignment from A. J. Goss to the garnishee, *Humphrey*, appears to have been valid in all respects.

4. This being so, it is very obvious that, although the plaintiff has the right to prove his claim against J. B. and A. J. Goss, yet the court very properly held that he had no right to have any part of the same paid out of the estate held by *Humphrey*, as the assignee of A. J. Goss, as long as any of the individual creditors of A. J. Goss remained unpaid, in whole or in part. This was settled in the case of *Thayer v. Humphrey*, 91 Wis. 276, 297, 299, and the plaintiff, in the case at bar, appears to have stipulated to abide by that decision. True, the plaintiff has not proved his claim against the assets in the hands of the assignee, *Humphrey;* doubtless for the reason that the fact is, as found by the trial court, that the indebtedness of A. J. Goss, individually, is more than enough to exhaust all the individual assets of A. J. Goss so in the hands of *Humphrey*. Besides, it appears that nearly all of such creditors of A. J. Goss, individually, have proved their claims against his estate in the hands of *Humphrey*, as assignee; and it is very questionable, at least, whether the plaintiff, as a creditor of J. B. Goss & Co., could destroy or frustrate the assignment, as against the creditors of A. J. Goss, individually, who have thus proved their claims, and hence are estopped from controverting the validity of the assignment,— even had the bond been defective.

We perceive no reversible error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.