SPENCER, Appellant, vs. HOLMAN, imp., Respondent.

*January 30—February 18, 1902.*

*Guaranty: Construction of contracts: Sealed instruments: Limitation of actions.*

1. In the construction of contracts the definite and precise must prevail over the indefinite, the particular over the general, and the express over what might be otherwise implied.

2. Plaintiff entered into a written contract with B., by which B. agreed to log, saw, and pile all the pine timber on certain lands during the following winter. Defendant signed the following guaranty indorsed on said contract: "For value received, I hereby guarantee the fulfillment of within contract on the part of [B.]. In case of the failure to log, saw, and pile the timber that is burnt, within the time stated, I agree to make good to [plaintiff] all damages arising from such failure. *Held,* that the guaranty simply covered the burnt timber.

3. In such case, the contract on which such guaranty was indorsed was under seal. *Held,* that liability under the contract of guaranty, which was not under seal, was barred in six years under subd. 3, sec. 4222, Stats. 1898, and not in twenty years under sec. 4220.

APPEAL from a judgment of the circuit court for Waupaca county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

This action was commenced February 26, 1900, to recover damages for the breach of a contract entered into November 26, 1892, by and between the plaintiff and the defendants Baggs and L. Holman, under their hands and seals, wherein Baggs and L. Holman agreed, in effect, to log, saw, and pile all the standing or down pine timber located on the premises

described (supposed to be 500,000 feet, more or less), in the manner therein prescribed, and have same hauled to Rice Lake and piled as therein stated (all to be done in a merchantable and workmanlike manner), during the winter of 1892—93, but, in case the weather would not permit the hauling during the time stated, then they were to haul the same as stated, at the place where sawed; and in considera- tion thereof the plaintiff was to pay $5.25 per thousand feet for cutting and sawing, and $1 per thousand feet for hauling and piling the same at Rice Lake, and, in case any lumber was left that must be piled at the mill, then there was to be no charge for piling the same; and the plaintiff therein agreed to advance to Baggs and Holman, from time to time, a reasonable sum to apply on the contract,—the balance when the contract should be completed. Some weeks after- wards, and in January, 1893, the defendant *Clark E. Hol- man* signed a written guaranty, indorsed upon the back of said contract, in the words and figures following:

"Waupaca, Wis., Jan. 1893.

"For value received, I hereby guarantee the fulfillment of within contract on the part of Ira Baggs and L. Holman. In case of the failure to log, saw, and pile the timber that is burnt, within the time stated, I agree to make good to *C. A. Spenser* all damages arising from such failure.

"Witness: M. T. Allen.

"[Signed]    *C. E. Holman.*"

May 19, 1893, Baggs and L. Holman gave to the plaintiff a chattel mortgage on certain personal property to secure all advances which had been made and to be made, and for the faithful performance of the conditions of the contract of November 26, 1892. December 2, 1893, Baggs and L. Holman entered into a new contract in writing with the plaintiff, wherein and whereby the time for the performance of the contract of November 26, 1892, was extended over the winter of 1893–94; and, if the work was not completed during that winter, then it might thereafter be performed

whenever it should be mutually convenient and acceptable to the parties to that contract, but with the agreement and understanding between them that such extension should "in no way waive the rights of either party to said contract arising out of any breach of the conditions thereof"; and it was therein further agreed that the $1,441 which the plaintiff had previously advanced over and above the amount actually earned by Baggs and L. Holman under the contract, should draw interest from September 1, 1893, at the rate of seven per cent. per annum, until paid, and that the plaintiff was to receive on such indebtedness, at the going market price, all lumber which Bangs and L. Holman had or should cut during that winter on their own land, but with the privilege on their part to sell the same to others, if they could do so to better advantage, provided the proceeds thereof should be paid over to the plaintiff, to apply on such indebtedness. The defendants L. Holman and *Clarke E. Holman* each answered separately. At the close of the trial of the issues thus formed, the plaintiff made application in open court to have the attachment proceedings dismissed, with costs, in favor of *Clark E. Holman* in such attachment proceedings, to be taxed; and the court having granted a nonsuit in favor of the defendant *Clark E. Holman,* and the cause having then been submitted to the jury as to Baggs and L. Holman, and the jury having returned a verdict in favor of the plaintiff and against Baggs and L. Holman, and assessed his damages at $1,000, it was thereupon ordered and adjudged that such attachment proceedings be, and the same were thereby, dismissed, and that *Clark E. Holman* recover of the plaintiff his costs in such attachment proceedings, taxed at $21.18; and it was further ordered and adjudged that the action be, and the same was thereby, dismissed as to *Clark E. Holman,* and that he have and recover of the plaintiff his costs in the action, taxed at $44.41; and, on motion of the plaintiff, it was ordered and adjudged that the plaintiff recover of Baggs

and L. Holman $1,000 damages and his costs, taxed at $114.54. From that part of the judgment dismissing the action as against *Clark E. Holman,* and awarding costs in his favor for $44.41, the plaintiff brings this appeal.

*Gerhard M. Dahl,* for the appellant.

*John C. Hart,* for the respondent.

CASSODAY, C. J. Four grounds are urged in support of the nonsuit in favor of *Clark E. Holman.* The view we have taken of the case makes it unnecessary to consider all of them. For the purposes of this appeal, we shall assume that the guaranty upon which the plaintiff seeks to recover against him in this action, although signed several weeks after the execution of the contract, was neverthelesss based upon a sufficient consideration. That guaranty is set forth in full in the foregoing statement of facts. It consists of two clauses. The first simply guaranteed the fulfillment of the contract of November 26, 1892, on the part of Baggs and L. Holman. By the second he agreed to make good to the plaintiff all damages arising from any failure of Baggs and L. Holman to log, saw, and pile the timber that was burnt, within the time stated in the contract, which was "during the winter of 1892–93." If the general clause covered the burnt timber, then the specific clause was without significance. It is well settled "that general words in any instrument" are "weakened by enumerations." *Sharpless v. Mayor, etc.* 21 Pa. St. 161; *Webster v. Morris,* 66 Wis. 395; *McAlpine v. Foley,* 34 Minn. 252. As stated by the late Chief Justice GILFILLAN, "the definite and precise must prevail over the indefinite, the particular over the general, and the express over what might otherwise be implied." *Quimby v. Shearer,* 56 Minn. 538, 539. The guaranty simply covers the burnt timber. It is conceded that the burnt timber was logged, sawed, and piled during the time speci-

fied, or at least within one year from the time the contract
was made.

Assuming that the general clause of the guaranty covers
some other liability as to the burnt timber, not mentioned
in the second clause, still the question recurs whether the
plaintiff's claim for damages therefor is not barred, as
against *Clark E. Holman,* by the six-year statutes of limit-
ation set up in his answer. Secs. 4219, 4222, Stats. 1898.
As indicated, the contract of November 26, 1892, was to be
performed during the winter of 1892–93. The new contract
extended the time of performance "over the winter of
1893–94." But it was therein expressly "understood and
agreed between the parties to" that contract, that such ex-
tension should "in no way waive the rights of either party
to said contract arising out of any breach of the conditions
thereof." The contract of November 26, 1892, was breached
by the failure of Baggs and L. Holman to perform during
the winter following. If *Clark E. Holman* was liable on his
guaranty for such breach of the conditions of that contract,
then the plaintiff's cause of action therefor accrued upon the
expiration of the winter of 1892–93; and by the agreement
of December 2, 1893, it was expressly agreed that such right
of action was not waived by the making of such new con-
tract. This action was not commenced until February 26,
1900,—more than six years after making the new contract,
and nearly seven years after the breach of the contract of
November 26, 1892, for which it is sought to hold *Clark E.
Holman* liable on his guaranty. In the meantime the plaint-
iff had taken a chattel mortgage to secure the repayment of
such advances and the faithful performance of such con-
tract, and the possession of the property covered by the mort-
gage. It is contended by counsel for the plaintiff that be-
cause the contract of November 26, 1892, was under seal,
therefore any liability of *Clark E. Holman* upon his written
guaranty, not under seal, could only be barred by the twenty-

year statute of limitation. Sec. 4220. Of course, two or more persons may adopt a single seal, where they all sign the same instrument. *Yale v. Flanders,* 4 Wis. 96; *Rollins v. Humphrey,* 98 Wis. 66. The guaranty in question, though indorsed upon the back of the contract of November 26, 1892, was nevertheless a separate and independent contract. *Tidioute S. Bank v. Libbey,* 101 Wis. 196, and cases there cited. There is no more ground for claiming that such guarantor adopted the seal of any of the makers of the original contract than there would be for claiming that a man who signs a note secured by mortgage thereby adopts his own seal on the mortgage. And yet there are numerous cases in this court where it has been held that personal liability on a note six years after maturity is barred, notwithstanding an action may be maintained to foreclose the mortgage given to secure the same. *Wiswell v. Baxter,* 20 Wis. 680; *Phelan v. Fitzpatrick,* 84 Wis. 249, and cases there cited; *Duecker v. Goeres,* 104 Wis. 37, and cases there cited. We must hold that the cause of action against *Clark E. Holman* is barred by the statute of limitations. Subd. 3, sec. 4222, Stats. 1898. This makes it unnecessary to consider other questions discussed by counsel.

*By the Court.*—That portion of the judgment of the circuit court from which the appeal is taken is affirmed.