PIERCE, Appellant, vs. STITT, Administrator, Respondent.

*October 6—October 24, 1905.*

*Services in execution of sealed power of attorney: Limitation of
actions.*

Where services were rendered or moneys expended in execution of
a power of attorney, under seal, containing no covenant or pro-
vision as to payment for such services or expenditures, the
cause of action therefor arises upon an implied promise and
not upon the sealed instrument, and the action must be com-
menced within six years under subd. 3, sec. 4222, Stats. 1898,
not within twenty years under subd. 2, sec. 4220.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The appeal is from a judgment of the circuit court for Mil-
waukee county affirming the judgment of the probate court
disallowing claim of appellant against the estate of Olive A.

Stitt. Olive A. Stitt (formerly Olive A. Blake), before her marriage to Stitt, and one Kittie Blake made and delivered to appellant on the 12th day of September, 1885, a general power of attorney authorizing him to collect and enforce against one Damon Coates, of the city of New York, all claims and demands that they or either of them had, personally or individually, separately or jointly, against said Coates, as well as all other claims and demands that they or either of them had, and to receipt therefor, and commence, institute, settle, compromise, and prosecute any civil or criminal action or proceeding necessary to enforce any such claim, with full power and authority in the premises, and with power of substitution and revocation. The power of attorney contained no covenant or provision to pay said *Pierce* for his services, or for money expended in the execution of the power. Under said power appellant retained one Herdegen, an attorney at law, who performed services and expended money in the matters referred to in the power in the sum of $310. Mrs. Stitt died, and this claim was filed in the probate court by appellant against her estate and disallowed, and on trial in the circuit court on appeal the judgment of the probate court was affirmed, from which judgment this appeal was taken.

For the appellant there was a brief by *McElroy & Eschweiler,* and oral argument by *F. C. Eschweiler.*

For the respondent there was a brief by *Scheiber & Orth,* and oral argument by *Fred Scheiber.*

KERWIN, J. It appears from the evidence that the services were performed by Herdegen soon after the execution of the power of attorney, and between the 14th and 20th of September, 1885; that appellant went with Herdegen to New York and paid his own expenses. He also paid Herdegen's bill, the last payment being made December 3, 1885, and took a receipt in full. Appellant also took an assignment of the claim from Herdegen December 8, 1885. It also appears that dur-

ing Mrs. Stitt's lifetime, and in October, 1885, Herdegen presented his bill for services to her and asked for a settlement. Appellant offered to prove that Mrs. Stitt made two payments of $5 each, one September 5, 1891, and the other August 6, 1897, which evidence was objected to, on the ground that the witness was incompetent to testify under the statute, and ruled out. The court was clearly right in excluding this evidence, it being a transaction with deceased and incompetent, and it does not appear that appellant complains of the ruling.

The main contention of appellant for a reversal is that the claim for the $310 paid to Herdegen is upon a sealed instrument and does not outlaw short of twenty years. There is no dispute but that the six-year statute had run upon the claim long before it was filed. It is not material in this case whether the claim was one against deceased and assigned to *Pierce,* or a claim of *Pierce* against deceased for moneys paid out by him for her benefit. In either case it outlawed in six years. It was not a claim upon a sealed instrument, within the meaning of subd. 2, sec. 4220, Stats. 1898, which provides that an action upon a sealed instrument must be commenced within twenty years. It is very plain that the action upon the account in suit is not within this statute. The promise to pay is not in the instrument itself, but independent of it. The power simply authorized the expenditure of the money, and the law implies a promise to pay. The action is upon the implied promise, and not upon the sealed instrument. *Duecker v. Goeres,* 104 Wis. 29, 80 N. W. 91; *Phelan v. Fitzpatrick,* 84 Wis. 240, 54 N. W. 614; *Spencer v. Holman,* 113 Wis. 340, 89 N. W. 132. It follows that the judgment of the court below is correct and should be affirmed.

*By the Court.*—The judgment of the court below is affirmed.