MAGEE, Respondent, vs. THE MISSISSIPPI RIVER LOGGING
COMPANY, Appellant.

*February 5 — February 23, 1897.*

*Appeal on questions of fact.*

Where the questions raised on appeal are purely questions of fact,
and there is evidence to sustain the findings of the court and no
preponderance of evidence against them, the judgment will be
affirmed.

APPEAL from a judgment of the circuit court for Pepin
county: E. B. BUNDY, Circuit Judge. *Affirmed.*

The case is sufficiently stated in the opinion.

For the appellant there was a brief by *Jenkins & Jenkins,*
and oral argument by *W. W. Jenkins.*

For the respondent there was a brief by *C. M. Hilliard*
and *S. G. Gilman,* and oral argument by *S. G. Gilman.*

WINSLOW, J.   The questions raised on this appeal are
purely questions of fact.   The plaintiff claims a balance of
about $700 due him from the defendant upon a logging con-
tract.   It appeared that the plaintiff and one Gilmore had
made a joint contract for logging certain lands with Laird,
Norton & Co. several years before the contract in suit, and
that the contract was made on behalf of Laird, Norton &
Co. by the defendant, and all accounts were kept on the de-
fendant's books, and payments made by defendant.   After
making this previous contract, plaintiff and Gilmore sepa-
rated their interests under it, and each logged separate parts
of the lands covered by the contract.   On this contract Gil-
more quit work $700 in debt to Laird, Norton & Co., and
the defendant claims that the plaintiff is liable for this
amount as Gilmore's partner, and also that *Magee* agreed
that he would pay Gilmore's deficit in consideration of an
increase of fifty cents per thousand in his pay.   *Magee* de-

nies these claims, and alleges that he and Gilmore completely separated their interests, with the consent of the defendant, and practically made separate and distinct contracts, and that he never agreed to pay Gilmore's shortage.

These were questions of fact, and the court (jury being waived) made findings in accordance with the plaintiff's contention. There was evidence on which to base these findings, and it cannot be said that the preponderance of evidence was clearly against them.

