Pomeroy vs. Heddles and others.

95  453
99  622

POMEROY, Appellant, vs. HEDDLES and others, Respondents.

*February 23 — March 16, 1897.*

*Appeal, determination of.*

1. Findings of fact will not be disturbed on appeal, if supported by the evidence.
2. A judgment in an equity case will not be reversed because of the rejection by the trial court of record evidence, where the record so rejected is returned with the bill of exceptions and can therefore be considered by the appellate court.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

The case is fully stated in the opinion.

For the appellant there was a brief by *Richmond & Smith,* and oral argument by *J. B. Smith.* They claimed that the evidence clearly showed a highway, dedicated, accepted, and used, over ground where defendants' fence now stands, citing *Nye v. Clark,* 55 Mich. 599; *Rathman v. Norenberg,* 21 Neb. 467; *Bartlett v. Beardmore,* 74 Wis. 485; *Lemon v. Hayden,* 13 id. 159; *Bushnell v. Scott,* 21 id. 451.

For the respondents there was a brief by *Fethers, Jeffris, Fifield & Mouat,* and oral argument by *C. L. Fifield.*

WINSLOW, J. This is an action to have the defendants' highway fence declared to be an encroachment on the highway, and a nuisance specially injurious to the plaintiff, and to have the same removed, and to obtain an injunction against its maintenance in the future. The defendants denied that the fence is an encroachment. It appears that the plaintiff owns forty acres of land on the east side of the alleged highway, and has owned the same since 1870, and the defendant *Catherine* owns twenty acres on the west side of the highway, and opposite the plaintiff's forty. The highway is alleged to be three rods in width. The plaintiff's

land is in the southeast quarter of a section, and the defendants' land in the southwest quarter of the same section; and, by the descriptions in their title deeds, their lands are bounded by the center line of the section. It is alleged in the complaint that in 1846 the commissioners of highways attempted to lay out a highway three rods in width north and south through the center of the section, but that the proceedings were not in accordance with the provisions of law, so that the road was not a legal highway. It appears, however, that a road was actually opened by the owners on or near the route fixed by the commissioners, and that it has ever since been used. In 1844 or 1845 one Downing purchased and went into possession of the land on both sides of the highway, including the lands now owned by plaintiff and defendants. Prior to 1850 he built a sod fence along the supposed east line of the highway, but none was then built along the west line at the point in controversy. In 1856 Downing sold the land on the west side of the highway (including that now owned by defendants) to one Soverhill, who built a fence along the supposed west line of the highway in 1857, and in 1858 sold a part of the land to Daniel Heddles, deceased, of whom the defendants are devisees.

The locations of these original fences formed the main points of controversy in the case. The plaintiff claimed that the original fence on the west side of the highway was built and maintained for many years upon a line about one rod west of the present location of the defendant's fence, and, hence, that a highway by dedication and user had been made, and the defendant had subsequently encroached thereon by building the present fence. On the other hand, it is claimed by the defendant that the original fence on the west side of the road was substantially on the line of the present fence, and that the plaintiff and his grantors had moved their fences on the east side forward about a rod from the original location thereof. There was testimony to support both

·contentions.  It would add nothing to the sum of useful law in the books to attempt to state even the nature of the testimony supporting the opposing claims.  It appeared by the testimony of a competent surveyor that the defendant's fence was and is upon a north and south line drawn one and one-half rods west of the true north and south quarter line of the section, and the court found that the owners of lands in the west half of the section never dedicated any further land for the highway than said strip one and one-half rods in width, and, consequently, that the fence was not in the highway.  We cannot disturb the findings, because there was ample evidence to support them.

It seems that certain proceedings were had before the town board in 1869 which resulted in an order being made by the board requiring Daniel Heddles to move back the fence then existing, as an obstruction to the highway.  It further appears that in 1885 an action in the name of the state was brought against the plaintiff to recover a statutory penalty for obstructing the highway, and in that action judgment was rendered for *Pomeroy*, on the ground that his fence was not an obstruction.  The records of both proceedings were offered in evidence and rejected.  It is unnecessary to decide whether the rulings were erroneous or not.  Both records are returned with the bill of exceptions, and are before us, and therefore may be considered as well as if they had been admitted.  Conceding their admissibility, neither of them is so persuasive as to cause us to think that the findings of fact should be reversed.

*By the Court.*— Judgment affirmed.