McFARLANE, Receiver, Respondent, vs. LOUDEN and another, imp., Appellants.

*May 5 — May 24, 1898*

*Appeal: Evidence: Presumption as to date of deed: Fraudulent conveyance.*

1. In order to justify the supreme court in setting aside the findings of the trial court upon questions of fact, the evidence must clearly show that they are wrong.
2. A deed duly executed will be presumed to have been executed on the day it bears date, and the fact that it had no certificate of the official character of the notary who took the acknowledgment in another state, until after the land conveyed had been attached by creditors of the grantor, is not sufficient to overcome that presumption, or the finding of the court that it was so executed.
3. In the absence of fraudulent intent, a deed absolute in form, given as security for a *bona fide* debt previously incurred, is not fraudulent; and the mere fact that such deed was not recorded until after the land had been attached as the property of the grantor, is not sufficient to show it to be fraudulent as to creditors.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

On July 21, 1892, the defendant Maud McKenzie was indebted to the Security Bank of Duluth in the sum of $4,894.85, and on that day she executed and delivered to one Paine, manager of the bank, a deed of the S. E. ¼ of

the S. W. ¼, section 12, township 48, range 15, as security for said sum, and for any indebtedness she might incur thereafter. This deed was recorded December 6, 1895. Paine deeded to the bank December 13, 1895. The notes evidencing this indebtedness were renewed from time to time, and payments made thereon, until February 5, 1896. At that date a settlement was made, and the balance unpaid was found to be about $4,093. As additional security, Mrs. McKenzie executed and delivered to the bank a deed of another forty of land, described as the S. W. ¼ of the S. W. ¼, section 12, township 48, range 15, the consideration mentioned being one dollar, etc. This deed was recorded May 26, 1896. On April 23, 1896, the defendant *Louden* commenced an action against Mrs. McKenzie, and levied an attachment on this last-mentioned forty. Judgment was entered June 25, 1896, for $357.37. On the same date, the defendant *Kline* also commenced a suit, attached the same land, and secured judgment June 25, 1896, for $743.70. The bank became insolvent, and the receiver appointed commenced this action. The complaint sets out the execution and delivery of the deeds mentioned, claiming that they were mortgages, and seeks to foreclose the same as such. The defendants *Louden* and *Kline* answered, claiming that the last-mentioned deed was executed after their attachments, and was given for the purpose of hindering, delaying, and defrauding Mrs. McKenzie's creditors. The case was tried by the court, and findings were made on all the issues in favor of the plaintiff. Judgment of foreclosure was entered for plaintiff, from which the defendants *Louden* and *Kline* appeal.

For the appellants the cause was submitted on the brief of *Reed & Reed.* They argued, among other things, that an equitable mortgage given for a precedent debt has no equity superior to that of a subsequent valid judgment. Pingree, Mortgages, § 652; *Wheeler v. Kirtland*, 24 N. J. Eq. 552. The

McFarlane vs. Louden and another.

fact that the deed in this case was absolute in form, and its real character was concealed from creditors, shows that it was fraudulent. *Ross v. Duggan,* 5 Colo. 100; *Stevens v. Hinckley,* 43 Me. 440; *Moore v. Roe,* 35 N. J. Eq. 90; *Fuller v. Griffith,* 91 Iowa, 632; Wait, Fraudulent Conveyances, §§ 238, 404; *Barker v. French,* 18 Vt. 460; *Metropolitan Bank v. Godfrey,* 23 Ill. 604; *Thompson v. Pennell,* 67 Me. 162; *Sims v. Gaines,* 64 Ala. 392; *Ladd v. Wiggin,* 35 N. H. 426; *Chenery v. Palmer,* 6 Cal. 122. The fact that the deed was withheld from record for a long time is evidence of fraudulent intent. Wait, Fraudulent Conveyances, §§ 235–237.

For the respondent there was a brief by *Titus & McIntosh,* and oral argument by *T. L. McIntosh.*

BARDEEN, J. Unless we can say that the findings of fact of the circuit court should be disturbed, its conclusions of law must be sustained. It is insisted by the defendants that the court should have found that the deed of February 5 was executed subsequent to the date of their attachments. This contention is based upon the most vague and unsatisfactory inferences. In order to warrant this court in setting aside the findings of the court below on questions of fact, the evidence should be such, at least, as to enable us to see with some degree of clearness that the finding is wrong. *Magee v. Miss. River Logging Co.* 95 Wis. 377; *Catura v. Kleiner,* 95 Wis. 378; *Pomeroy v. Heddles,* 95 Wis. 455. The only facts of any weight relied upon to upset the finding in question are that the deed, having been executed in Minnesota, had no certificate of the official character of the notary upon it, until after the date of the attachments, and that Mr. Paine, the officer of the bank who drew the deed, did not remember positively just when the deed was executed. He said he supposed it was drawn upon the date which appears upon it. The presumption is that the instrument was

made on the day it bears date. Jones, Ev. § 45; 19 Am. & Eng. Ency. of Law, 50. See *Pringle v. Dunn*, 37 Wis. 449.

The fact that the certificate of the clerk to the deed is of subsequent date to that of the deed itself is perfectly consistent with good faith. That it was of subsequent date to the attachment, at most, gives rise to a mere surmise, of little weight in overcoming the presumption stated and the express finding of the court.

It is further urged that the undisputed facts found show fraud. It will be noted that there is no claim but that Mrs. McKenzie was justly indebted to the bank; nor is it stated that there is any evidence of fraudulent intent on the part of either, except such as is inferable from the transaction itself. The court expressly finds that no such intent existed. The fact that the deed was withheld from record from February to May is of no special significance, as the debts which the defendants are seeking to enforce were contracted long prior to the execution of the deed. There was no agreement to keep it from the records, so as to give the debtor a false credit; and the fact that it was not recorded until after the attachments, under the circumstances in proof, becomes unimportant. For the purpose of this case, it may be admitted that where one takes, as security for a previous debt, a deed absolute in form, and conceals the true nature of the conveyance, claiming title thereunder, the deed will be treated as fraudulent as against a judgment creditor of the grantor. But there is no evidence here that the bank was claiming the title to this land except as security. *Mr. Louden* was informed that, if he would pay what Mrs. McKenzie owed, he could have a deed of all the property the bank held. There is no proof that the debtor was insolvent, and it affirmatively appears that she had other property at the time the deed was executed. It is settled doctrine with most courts, as well as in this state, that a deed absolute on its face may be shown to be a mortgage. *Hoile v. Bailey*, 58 Wis. 434; *Phe-*

*lan v. Fitzpatrick*, 84 Wis. 240. And while such a conveyance may be a badge of fraud, it will be upheld where no fraud is intended. Such a conveyance has never been held fraudulent, in this state, *per se*, so far as we are aware, and, when it is shown that the transaction is *bona fide*, we see no reason why it may not be sustained. The question of good faith having been litigated and affirmatively established in this case by the findings of the court, we cannot disturb such conclusion upon any such vague and unsatisfactory inferences as are here urged for our consideration.

The objection to the finding as to the payment of taxes must also be overruled. There is some evidence to support it, although perhaps not the best. After Mr. Paine had given some testimony about the payment of taxes, defendants' counsel moved to strike out all evidence as to the payment of taxes on the ground that it was not the best evidence. The record fails to show any ruling of the court or any exception. The witness afterwards testified that he had paid over $130 as taxes, and the court allowed the claim at this amount. It would, of course, have been more satisfactory if the tax receipt had been produced and offered in evidence. The case of *Fuller v. Griffith*, 91 Iowa, 632, is cited as decisive against the plaintiff. An examination of the facts in that case discloses, as the court found, that, up to the very last moment, both the grantor and grantee in the deed claimed that it was an absolute conveyance, and not given as security.

*By the Court.*— The judgment of the circuit court is affirmed.