White v. Daniell, 141 Wis. 273.

WHITE and wife, Respondents, vs. DANIELL, imp., Appellant.

*December 9, 1909—January 11, 1910.*

*Homestead: Conveyance: Signature of wife: Deed as mortgage: Fore-*
*closure: Judgment: Provision for reconveyance.*

1. Where a deed conveying a husband's homestead was signed by the wife in order that it might be used as security for his debts, and it was in fact used for that purpose, the requirements of sec. 2203, Stats. (1898), were satisfied, even though the wife did not definitely know the amount to be secured.

2. A judgment establishing as a mortgage a conveyance of land which is absolute in form, and decreeing foreclosure thereof, need not provide that the mortgagee shall convey back the premises in case of redemption, such reconveyance not being essential to the re-establishment of the mortgagor's legal title, even of record. *Phelan v. Fitzpatrick,* 84 Wis. 240, distinguished.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to foreclose as a mortgage an interest claimed to be held by the plaintiffs by virtue of a warranty deed from the appellant and her husband, Edward M. Daniell, of the latter's homestead. It appeared and was found by the court that in about the month of August, 1903, Daniell was liable to the other heirs at law of his deceased father, as administrator of his estate, and they were pressing for settlement; that said heirs consisted of the plaintiff *Mary E. White* and of the two brothers; that he was without means to pay; that plaintiff *T. Stewart White,* husband of the sister *Mary,* proposed to Daniell to make settlement of said claims upon conveyance of the latter's homestead as security. Accordingly a warranty deed to *T. Stewart White* was prepared, executed by Edward M. Daniell and also by the appellant, *Johanna M. Daniell,* who inquired its purpose, and was told that it was to be used as security for the money necessary to settle the father's estate. She signed upon that statement without knowledge of the amounts so necessary. *T. Stewart White* furnished the means of settlement with the two brothers of Daniell, and received from the latter promissory notes for the amounts in the sums of $375 and $800, with notation thereon that they were secured by deed in escrow. The liability to *Mary E. White,* after some negotiation, was adjusted at something over $1,800, for which a note of $1,500 was given to her and declared to be secured by said deed, the remainder not being so secured. The deed meanwhile was delivered over to *T. Stewart White* to hold as security for these promissory notes, he procuring from the several heirs proper acquittance of the defendant Daniell as administrator, so that he was discharged.

The court adjudged the deed a mortgage securing the three notes above mentioned, ascertained the amount thereof, and entered the usual judgment of foreclosure with directions for

sale after a year and with the right of redemption meanwhile expressly reserved. The judgment contained no provision for the revesting of the legal title in case of such redemption. No judgment for deficiency was ordered. From this judgment the defendant *Johanna* appeals.

*J. E. Wildish*, for the appellant.

*Fred B. Peterson*, attorney, and *William Kaumheimer*, of counsel, for the respondents.

DODGE, J. The finding of the court, substantially to the effect that the deed was used for the purposes for which it was executed by the wife, *Johanna M. Daniell*, is sufficiently supported by evidence; indeed is hardly antagonized in any way except by the assertion that her knowledge as to the amount to be secured was wholly indefinite. That fact existing, the statute (sec. 2203, Stats. 1898) requiring that any conveyance or incumbrance of the homestead must be executed by the wife is satisfied. There is no dispute that the judgment correctly defines the indebtedness agreed to be secured by the deed. It therefore correctly adjudges a foreclosure thereof as a mortgage and sale in the manner prescribed by statute for mortgages.

Appellant, without having assigned error thereon, criticises the judgment because it fails to provide that the plaintiff shall convey back the premises in case of redemption, which was held to be a necessary provision in *Phelan v. Fitzpatrick*, 84 Wis. 240, 54 N. W. 614. While doubtless such a conveyance might properly be required in protection merely of the direct chain of record title, it is in no wise essential to the re-establishment of defendants' complete legal title. The judgment establishes that the deed from defendants to plaintiff is a mortgage, and if the record of that judgment discloses full redemption it must of necessity declare plaintiff's interest at an end. The legal title has at all times remained in the defendants, and this deed, accompanied by the adjudication that

it is a mere mortgage, creates nothing but a lien thereon. *Cumps v. Kiyo,* 104 Wis. 656, 659, 80 N. W. 937. It will be fully discharged by satisfaction of the judgment, which may be recorded in registry of deeds. Sec. 2236, Stats. (1898).

In the *Phelan Case* the chain of title was confused by the fact that the deed to the plaintiff, held to be a mortgage in that case, did not run directly from the defendants, the legal owners, but from the sheriff upon a prior foreclosure judgment of another mortgage. Besides, there was at that time no statutory provision for recording such judgments with register of deeds as now. Sec. 2236. There was therefore more ground for requiring a reconveyance from the mortgagee upon a satisfaction of his foreclosure judgment in that case than in the present instance, where defeating the deed upon which alone the plaintiff's title rests necessarily re-establishes the defendants' title even of record. The non-necessity of a reconveyance from the mortgagee in such a case as this was inferentially declared without express consideration in *McFarlane v. Louden,* 99 Wis. 620, 75 N. W. 394. We are convinced that no prejudice can result to the defendants from such omission from the present judgment.

*By the Court.*—Judgment affirmed.